FILED'08 NOV 14 12:26USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES RAY JONES,

Petitioner,

v.

GUY HALL,

Respondent.

Civil No. 05-1852-BR

OPINION AND ORDER

MICHAEL R. LEVINE
400 S.W. Sixth Ave.
Suite 600
Portland, OR 97204

Attorney for Petitioner

HARDY MYERS
Attorney General
JONATHAN W. DIEHL
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301

Attorneys for Respondent

BROWN, Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES the Petition for Writ of Habeas Corpus.

**BACKGROUND**

On May 29, 2001, a Josephine County Circuit Court grand jury indicted Petitioner on one charge of Sodomy in the Second Degree and one count of Sexual Abuse in the First Degree. The charges arose from two incidents. The victim, a son of Petitioner's friend, was nine at the time of the first incident and eleven at the time of the second.

A jury found Petitioner guilty on both charges, and the trial judge entered a judgment of conviction on February 28, 2002. The trial judge subsequently sentenced Petitioner to concurrent 75-month terms of imprisonment.

Petitioner directly appealed the conviction and sentence. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Jones*, 190 Or. App. 192, 79 P.3d 417, *rev. denied*, 336 Or. 192, 82 P.3d 626 (2003).

Petitioner filed a petition for state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief on all of Petitioner's claims, finding that he had "not sustained his burden of proof" on any of his allegations. Petitioner appealed. The Oregon Court of Appeals granted the

state's Motion for Summary Affirmance and the Oregon Supreme Court denied review. Respondent's Exhibit (hereafter "Resp. Exh.") 122, 124.

On December 7, 2005, Petitioner filed his Petition for Writ of Habeas Corpus with this Court. Petitioner alleges four grounds for relief:

> **Ground One:** Denied of [sic] effective assistance of counsel.
> **Supporting Facts:** Attorney did not adequately investigate nor subpoena petitioner's witnesses.
>
> **Ground Two:** Counsel did not allow petitioner to testify.
> **Supporting Facts:** Over numerous occasions counsel would not and did not allow petitioner to testify at trial. Counsel was court appointed: Gary A. Berlant.
>
> **Ground Three:** Counsel failed to call witnesses on petitioner's behalf.
> **Supporting Facts:** Chantal Funk (step-daughter), Jaylene Jones (wife), and Dan Jones (father) were all suppost [sic] to testify. Mr. Dan Jones by telephone due to he couldn't travel because of terminal illness. Huntington's Chorea.
>
> **Ground Four:** After trial during sentencing phase petitioner received letter from alleged victim's sister.
> **Supporting Facts:** She stated she did in fact have oral sex with her brother the night petitioner caught them (April 9, 2001). Counsel failed to provide to court this letter to help verify petitioner's claims.

Respondent agrees that Petitioner exhausted his state remedies with respect to all four grounds for relief. Respondent argues, however, that Petitioner is not entitled to relief on the merits because the PCR court's denial of relief was not contrary

to or an unreasonable application of clearly established federal law. Respondent also objects to the exhibit attached to the Petition for Writ of Habeas Corpus.

## DISCUSSION

### I. Supplemental Evidence

Attached to the Petition for Writ of Habeas Corpus is a copy of a letter Petitioner received after the jury verdict was entered but before he was sentenced. The letter is purportedly authored by a friend of the victim's sister. Respondent objects to admission of the letter in this proceeding because it could have been presented to the state courts through the exercise of due diligence, but was not.

Rule 7 of the Rules Governing § 2254 habeas cases allows a district court to expand the record without holding an evidentiary hearing. 28 U.S.C. foll. § 2254, Rule 7. Admission of supplemental evidence is, however, governed by the evidentiary hearing standards set forth in 28 U.S.C. § 2254(e)(2). *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir.), *cert. denied*, 546 U.S. 944 (2005); *see also Holland v. Jackson*, 542 U.S. 649, 124 S.Ct. 2736, 2738 (2004) (explaining that the restrictions of § 2254(e)(2) should apply "when a prisoner seeks relief based on new evidence *without* an evidentiary hearing" (emphasis in original)).

Under § 2254(e)(2), if a habeas applicant "has failed to develop the factual basis of a claim in State court proceedings," this court cannot hold an evidentiary hearing unless the applicant shows:

> (A) the claim relies on --
>
> > (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner does not show that his claim is based on a new retroactive rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence. Petitioner received the letter before his sentencing. As such, he was aware of the factual predicates for his claim before he commenced his PCR action. Petitioner did not, however, present the letter in the state post-conviction proceeding. Accordingly, Petitioner cannot make the showing required by § 2254(e)(2), and the Court declines to expand the record to consider the letter.[1]

---

[1]The Court finds unconvincing Petitioner's argument that the "essence" of the letter was already part of the state court record

## II. Relief on the Merits

### A. Legal Standards

A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 123 S. Ct. 1166, 1172-75 (2003).

In *Williams v. Taylor*, 529 U.S. 362, 386-89 (2000), the Supreme Court construed this provision as requiring federal habeas courts to be highly deferential to the state court decisions under review. "We all agree that state court judgments must be upheld unless, after the closest examination of the state court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 389.

"'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert v. Blodgett*, 393

---

and, as such, is not new evidence.

F.3d 943, 974 (9th Cir. 2004), *cert. denied*, 546 U.S. 963 (2005). A state court decision is "contrary to" clearly established Federal law if it is "in conflict with," "opposite to," or "diametrically different from" Supreme Court precedent. *Williams*, 529 U.S. at 388. "A state court need not even be aware of [Supreme Court] precedents, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (citing *Early v. Packer*, 537 U.S. 3, 7-8 (2002) (internal citation omitted)).

An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case." *Lambert* at 974 (citation omitted). The state court's application of law must be objectively unreasonable. *Id.* "Under § 2254(d)'s 'unreasonable application' clause, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [the law] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied the [law] to the facts of his case in an unreasonable manner." *Woodford v Visciotti*, 537 U.S. 19, 24-25 (2002) (internal citations omitted).

The last reasoned decision by the state court is the basis for review by the federal court. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). In reviewing the state court decision, factual findings are presumed to be correct in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). When a state court does not supply the reasoning for its decision, a federal court undertakes an independent review of the record to determine whether the state court decision was objectively unreasonable. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. The Supreme Court's ruling in *Strickland v. Washington*, 466 U.S. 668 (1984) sets forth the "clearly established federal law" governing claims alleging ineffective assistance of counsel. *Williams*, 529 U.S. at 390. Under *Strickland*,

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors to serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

**B. Analysis**

**1. Petitioner's Decision Not to Testify**

Petitioner claims his trial attorney refused to allow Petitioner to testify at trial. At trial, the judge engaged in the following colloquy with Petitioner on the issue of his choice not to testify:

THE COURT: . . . Mr. Jones, I assume you've talked this over with your attorney and it is your option? There is an instruction that basically says -- in fact, I'll read it to you.

It says, "A defendant has an absolute constitutional right not to testify; therefore a defendant's decision not to testify cannot be considered as an indication of guilt. It should not be commented upon or in any way be considered by you during your deliberations."

And it's your option whether we give that one or not. And Mr. Berlant's of the opinion that you want us to give that instruction. So that -- is that correct?

PETITIONER: That's correct.

THE COURT: So you're choosing not to testify and then you want us to give this instruction that I just read to you?

PETITIONER: Correct.

THE COURT: Okay, I just wanted to make sure. So we will give that one.

PROSECUTOR: Judge, I -- I think you've cleared this up, but I want to make sure for the record that this Defendant is stating

that it is his decision not to testify, as a personal right he has, and not his -- his attorney's.

THE COURT: Maybe I didn't cover it as clearly as or -- or as detailed as should have, because I was more thinking about that instruction. But Mr. Jones, you understand that you do have the right to testify if you wish to? It's your choice. And are you choosing not to testify?

PETITIONER: That -- that's correct.

Resp. Exh. 103, pp. 121-23.

In the PCR proceeding, Petitioner's trial counsel submitted an affidavit explaining that Petitioner chose, of his own free will, not to testify. Counsel stated:

> If petitioner had decided to testify, it is possible that it might have helped his case. I was entirely his choice. I did not keep him from the stand. I told petitioner that if he chose not to testify, he would wish that he had chosen differently, if he was convicted. I also told him that if he testified and lost, he would wish he hadn't testified. I also told him that there was no "right" answer to the question of whether to testify.

Resp. Exh. 114, p. 4.

In light of the record before it, the PCR trial court reasonably concluded that Petitioner failed to prove he was denied his right to testify on his own behalf. As such, the state court decision on this issue is entitled to deference, and Petitioner cannot obtain habeas corpus relief in this Court.

**2. Failure to Investigate and Call Appropriate Witnesses**

Petitioner also alleges his attorney did not adequately investigate his case or subpoena witnesses. He claims counsel failed to call his step-daughter, wife, or father as witnesses.

In his PCR proceeding, Petitioner stated that his father would have testified that Petitioner called him the morning after the incident and told him that Petitioner had caught the victim having oral sex with the victim's sister. Petitioner argued that his father's testimony would have supported Petitioner's theory that the victim's accusations were in retaliation for telling the victim's mother about the oral sex. Petitioner also explained that his wife would have testified that the victim's sister told her, sometime before trial, that if Petitioner had "kept his mouth shut then none of this would have happened." Petitioner claimed his step-daughter would have testified as to Petitioner's character and behavior around children.

In his affidavit to the PCR court trial counsel explained his trial strategy, including his decisions regarding the presentation of witnesses at trial. With respect to Petitioner's father, Counsel stated:

> Regarding the allegations that I failed to call petitioner's father to testify telephonically: I did contact petitioner's father. I confirmed that he was going to corroborate petitioner's claim that he had talked to his father on the day after petitioner allegedly observed the victim receiving oral sex from

> the victim's older sister. I do not recall that petitioner's father had a terminal illness and was unable to testify in court. I do remember that petitioner's father did not want to come to court to testify, and there was some discussion of telephonic testimony. I remember that I advised petitioner that telephone testimony was not generally acceptable. However, whether or not petitioner's father was going to testify became a moot issue because petitioner decided that he himself was not going to testify and therefore he would not be presenting for the jury's consideration the alleged incident involving the victim's older sister. The testimony of petitioner's father was never raised before the court, thus this testimony was never excluded.

Resp. Exh. 113, pp. 1-2.

Petitioner's attorney went on to explain:

> I remember that petitioner presented various stories, during the course of my representation. One of petitioner's stories was corroborated by a man named Gary Murphy, who sent me a letter stating that petitioner had been at his house on the night of the alleged crimes. Mr. Murphy also claimed that he had witnessed petitioner telling the victim's mother that he was going to report her for a drug offense, and as a result the victim's mother had fabricated her and the victim's testimony in order to send petitioner to jail. In the alternative, petitioner told me that he had walked in on the victim and his older sister having oral sex. Because petitioner's stories and theories changed, I was never quite sure which story petitioner wanted to advance at trial. In the end, petitioner chose not to testify and chose not to advance any of his stories.
>
> In reviewing petitioner's statement to the police, I noticed that when confronted about his alleged sex crimes, petitioner did not respond with any of these theories. Petitioner claims that he was on medication, and sleepy, and that was why he did not advance any of his theories to the police. Through testimony at trial the jury heard that petitioner had been taking various medications, including medication for seizures. This was to set the state in case petitioner decided to testify.

> I believe we gave the jury good reason to doubt petitioner's guilt. In my opinion, petitioner's story about walking in on the victim and his sister was not going to be believed because we were unable to corroborate any of petitioner's stories through investigation or through cross-examination of the victim or the victim's mother, or any of the state witnesses. In my opinion, petitioner's stories in his defense simply were not believable.

*Id.* at p. 3.

Finally, counsel concludes his statement:

> We fully investigated every avenue in petitioner's case. We even arranged and paid for petitioner's sister to be at trial, and prepared her to testify as a character witness, and to petitioner's medical conditions.
>
> * * *
>
> I consulted with petitioner regularly, throughout his case, and with his permission I also talked with his wife and sister about the progress of the case, opinions, and choices. I believe that petitioner was in full control of this case and how it proceeded.

*Id.* at pp. 4-5.

At the PCR evidentiary hearing, Petitioner presented no evidence, other than his own testimony, to support his claim that trial counsel failed to adequately investigate and subpoena witnesses. In light of the record before it, the PCR trial judge reasonably concluded Petitioner failed to sustain his burden of proof. The PCR court's decision was not contrary to or an unreasonable application of *Strickland*, and Petitioner cannot obtain habeas relief in this court.

**3. Failure to Investigate and Provide the Victim's Sister's Letter to the Court**

Finally, Petitioner alleges counsel provided constitutionally ineffective assistance when he failed to investigate the letter referred to above and provide it to the trial court. Petitioner is incorrect.

The record shows trial counsel did bring the letter to the court's attention when it was received -- after trial but before sentencing. As noted, the letter was purportedly written by a friend of the victim's sister, at the sister's request. Counsel asked for, and was granted, more time before sentencing to investigate the contents. Despite his investigation, however, the victim's sister "did not admit to writing the letter, and no changed their story, or admitted to having lied during their trial testimony, and I was unable to in any way validate the claim made in the letter." Resp. Exh. 113, p. 4.

In the PCR proceeding, Petitioner did not provide any evidence that his trial counsel's investigation of the letter was in any way inadequate. As such, the PCR trial judge reasonably concluded Petitioner could not prevail on this ineffective assistance claim, a decision which is entitled to deference in this habeas action.

**CONCLUSION**

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus and DISMISSES this action.

IT IS SO ORDERED.

DATED this 13th day of November, 2008.

ANNA J. BROWN
United States District Judge